FRANCIS X. DALY, Appellant, *v.* WILLIAM H. BEHRENS, Respondent.

Supreme Court, Appellate Term, First Department, March Term — Filed April, 1922.

Sales — purchase of ring — rescission of sale by both parties — agency — limit of powers of agent known to other party — when agent returning ring to receive back the money cannot bind his principal by taking another ring instead of cash.

Defendant upon being told by plaintiff, to whom he had sold a diamond ring, that it was not as represented, said: " Well, if you are not satisfied bring it back and I will give you your money back," to which plaintiff replied: "All right, I will bring it back and get the money back." The next day plaintiff sent the ring back by another party who as instructed asked for a return of the money, which defendant refused, and induced the party to take another ring. This occurred on a Saturday, and on the following Monday plaintiff went to defendant's store and told him it was his money and not another ring that was wanted. ·Defendant refused to return the money or take back the second ring, and he also refused to give plaintiff the other ring unless plaintiff paid the balance due on the purchase price, which he refused to do, and again tendered back the second ring, which was again refused. *Held*, that the fact, not denied, that plaintiff said he would bring back the ring and get his money back was sufficient notice to put defendant on guard as to the limit of the agency of the party who returned the ring, and defendant's subsequent refusal to take back the second ring and give plaintiff the first one on the terms of the original purchase, operated as a rescission of the sale, and defendant was obligated to return the part payment of the purchase price, and a judgment in defendant's favor will be reversed, with costs, and judgment ordered in favor of plaintiff for the full amount claimed, with interest and costs.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, rendered in favor of defendant.

*Terence F. Cunneen (John J. Cunneen,* of counsel), for appellant.

*Greenbaum, Wolf & Ernst (Benjamin J. Rabin,* of counsel), for respondent.

COHALAN, J.   The plaintiff on the recommendation of a friend purchased from defendant a diamond ring for $630, $500 down and balance in two months.   It is conceded that at the time of purchase the defendant guaranteed to plaintiff that the stone was a perfect blue white diamond, 109 points.   The plaintiff claims defendant told him the ring was marked $825, but that he would give it to plaintiff for $630.   Several days later the plaintiff had the ring appraised and on the same day on the way to defendant's store he met defendant and told him he had the ring appraised and that it was not as represented.   He says, and he is corroborated by a witness who was present and who was present as well at the purchase, that the defendant said: " Well, if you are not satisfied bring it

30

back and I will give you your money back. I have an appointment now and cannot delay." The plaintiff then said: " All right, I will bring it back and get the money back." The defendant acknowledges this meeting, his hurry to keep an appointment and what plaintiff told him, but claims he told plaintiff: " Now, if I have misrepresented anything in this ring I would be very glad to refund your money." The next day the plaintiff sent the ring back by the party who was with him at this meeting with instructions to get the money. She went back and gave defendant the ring and asked for the money back and the defendant refused but told her to take another ring. She said she would have to call plaintiff and defendant said, " no." Finally she returned to plaintiff with another ring. This was on a Saturday and on Monday the plaintiff returned to the defendant's store, told defendant it was his $500 and not another ring that was wanted. Defendant refused to return the money or take back the second ring. The plaintiff then said, " Give me the other ring," and defendant refused unless plaintiff then paid the $130 balance, which plaintiff refused to do. This second ring was tendered back a second time and refused. Whether the conversations of the second meeting were as plaintiff claims or as defendant claims, it is not denied that plaintiff said he would bring the ring back and get his money back. This was sufficient notice to put the defendant on his guard as to the limit of the agency of the party who returned the ring. He was told and should have known she was then to demand the money back, and not to pick out another ring. In view of this, his subsequent refusal to take back the second ring and to give to plaintiff the first ring on the terms of the original purchase operated as a rescission of the sale and he was obligated thereby to return the $500 to the plaintiff.

The conceded and undisputed facts are sufficient under the law to entitle the plaintiff to a judgment. Judgment reversed, with $30 costs, and judgment ordered in favor of plaintiff for $500, with interest and costs.

GUY and WAGNER, JJ., concur.

Judgment reversed.